UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN MONTY DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE BAR ASSOCIATION, *et al.*, <br><br> Defendants. | Case No. C22-5807-LK-MLP <br><br> REPORT AND RECOMMENDATION |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. (Dkt. # 8.) Service has not been ordered. This Court, having reviewed Plaintiff's complaint (dkt. # 9), and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint (*id.*), and this action, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   DISCUSSION

On October 21, 2022, Plaintiff John Davis submitted to the Court for filing a prisoner civil rights complaint in which he appeared to challenge the sentence imposed in relation to his

REPORT AND RECOMMENDATION
PAGE - 1

most recent state court criminal conviction.[1] (*See* dkt. ## 1, 9.) In particular, Plaintiff appeared to assert that he had been unlawfully sentenced under Washington's Persistent Offender Accountability Act, RCW 9.94A.570, to a term of life in prison without the possibility of parole. (*See* dkt. # 9 at 4-8.) Plaintiff identified the State of Washington, the Washington State Bar Association (Prosecuting Attorney for Pierce County Superior Court), Pierce County, the Pierce County Superior Court, and the Washington Department of Corrections as Defendants in his complaint. (*See id*. at 1, 3.) Plaintiff's request for relief was unclear, but he appeared to seek some form of judicial decree as well as a new trial. (*See id*. at 9.)

      Because it appeared Plaintiff was attempting to use this civil rights action to challenge the sentence imposed in the Pierce County Superior Court criminal case pursuant to which he is currently confined, and because such challenges are not permissible under § 1983, this Court, on December 28, 2022, issued an Order directing Plaintiff to show cause why this action should not be dismissed. (Dkt. # 10.) The Court explained in its Order to Show Cause that the United States Supreme Court, in *Heck v. Humphrey,* 512 U.S. 477 (1994), held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2 (citing *Heck*, 512 U.S. at 489).) The Court noted that there was nothing in the record suggesting that Plaintiff's underlying conviction or sentence had been invalidated in any fashion, and thus concluded that Plaintiff's claims were likely not cognizable in this action. (*Id*.)

---

[1] It appears from Plaintiff's materials that he is currently confined pursuant to the judgment and sentence entered in Pierce County Superior Court case number 20-1-01331-7. (*See* dkt. # 9 at 14.)

Plaintiff was granted thirty days within which to file a response to the Order to Show Cause and, to date, the Court has received nothing from Plaintiff addressing that Order. There are indications on the docket that, during the pendency of this case, Plaintiff has been pursuing various forms of relief in the Ninth Circuit Court of Appeals related to his current confinement, but nothing that pertains to the cognizability of the claims asserted in this civil rights action. Specifically, the docket shows that on December 13, 2022, Plaintiff sought to appeal directly to the Ninth Circuit a warrant of commitment entered in Pierce County Superior Court criminal case number 19-1-04143-1. (*See* dkt. ## 6-7.) That case is referenced a number of times in Plaintiff's civil rights complaint and in his supporting materials, suggesting that he deems it relevant to his challenge to his current sentence. (*See* dkt. # 9.) The Ninth Circuit rejected that appeal for lack of jurisdiction. (*See* dkt. # 11.) It also appears that Plaintiff recently filed with the Ninth Circuit an application for leave to file a second or successive § 2254 habeas petition. (*See* dkt. entry dated 2/3/2023). However, it is unclear how such a request might relate to this action given that the instant case was presented to this Court as a prisoner civil rights action, not a federal habeas action, and given that this Court can find nothing in its records indicating that Plaintiff has ever filed a § 2254 petition here.

As Plaintiff has made no effort to demonstrate that the claims asserted in his civil rights complaint are cognizable in this action, Plaintiff's complaint and this action should be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 10, 2023**.

DATED this 16th day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4