UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN MONTY DAVIS, a/k/a LARRY JEROME JOHNSON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>WASHINGTON STATE BAR ASSOCIATION et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:22-cv-05807-LK<br><br>ORDER DENYING MOTION TO DISCONTINUE IN FORMA PAUPERIS STATUS |

　　　This matter comes before the Court on pro se Plaintiff John Monty Davis's Motion to Discontinue IFP. Dkt. No. 21. For the reasons explained below, the motion is denied.

### I.　BACKGROUND

　　　On October 21, 2022, Mr. Davis initiated this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On December 28, 2022, Judge Peterson granted Mr. Davis's application to proceed *in forma pauperis* ("IFP"). Dkt. No. 8. In submitting his IFP application, Mr. Davis signed the acknowledgment and authorization form, which provides that he is responsible for the payment of the full $350.00 filing fee under 28 U.S.C. § 1915. Dkt. No. 5 at 3. The form also provides that

the agency having custody of Mr. Davis will pay the filing fee by collecting monthly installment payments of 20 percent of his preceding month's income until the filing fee is paid in full. *See id.*

On February 16, 2023, Judge Peterson issued a report and recommendation ("R&R") recommending dismissal of Mr. Davis's complaint. Dkt. No. 12. Mr. Davis did not file any objections, and instead filed a motion for discovery. Dkt. No. 14. The Court subsequently adopted the R&R, denied the motion for discovery, and dismissed the complaint without prejudice. Dkt. No. 15. Mr. Davis did not appeal the Court's order or judgment.

Roughly one year after the action was terminated, Mr. Davis filed a "Notice to Withdraw" which "ask[ed] this court to withdraw [the] civil action . . . and dismiss this forma pauperis action also due to lack of jurisdiction." Dkt. No. 18 at 1. The Court struck the notice of withdrawal, explaining that the case had already been dismissed and the action terminated. Dkt. No. 20.

Over six months later, Mr. Davis filed the instant motion to discontinue IFP. Dkt. No. 21. In the motion, he asks "for the funds that [were] taken off of [his] inmate account to please be sent back" to him. *Id.* at 1. He also requests that the Court send a letter to the Department of Corrections ordering it "to stop taking [his] funds for the 'Prison Litigation Reform Act,'" and stating that he no longer wishes to proceed "due to jurisdictional issues over [his] case[.]" *Id.*

## II.  DISCUSSION

The Court construes Mr. Davis's motion to discontinue IFP as one seeking a waiver or reduction of his IFP fee.

Even when proceeding IFP, "'the prisoner shall be required to pay the full amount of a filing fee' via a specified payment plan that automatically deducts available funds from the prisoner's prison bank account." *Meyers v. Birdsong*, 83 F.4th 1157, 1160 (9th Cir. 2023) (quoting 28 U.S.C. § 1915(b)(1)). Congress chose to "require[] prisoners [proceeding IFP] to pay filing fees for the suits or appeals they launch," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016), and there is no

statutory authority or mechanism for the Court to waive or reduce the filing fee, *see, e.g.*, *Appel v. King Cnty. Corr. Facility*, No. 2:21-CV-00621-MJP-JRC, 2021 WL 4033298, at *2 (W.D. Wash. Sept. 3, 2021). As a result, the Court must deny Mr. Davis's motion.

Finally, the Court cannot give Mr. Davis legal advice or opine on unrelated matters. Dkt. No. 21 at 1 ("do you know [who] has jurisdiction over correctional law and the face Act. 'Firearm Control Enforcement Act.' A federal agent . . . made us sign the FACE Act and its not court ordered."). The Constitution's "case or controversy" requirement precludes federal courts from offering advisory opinions. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them" (cleaned up)); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

### III. CONCLUSION

For the reasons explained above, the Court DENIES Mr. Davis's Motion to Discontinue IFP. Dkt. No. 21.

Dated this 27th day of November, 2024.

Lauren King
United States District Judge